UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JERMAINE THORNTON                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:07CV-P214-S

OFFICER SOSSEII                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Jermaine Thornton, a prisoner currently incarcerated at the Northpoint Training Center, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Corrections Officer Sosseii at the Louisville Metro Department of Corrections ("Metro Corrections"). Plaintiff, who describes himself as a transsexual with breasts, claims that during his incarceration at Metro Corrections, Officer Sosseii harassed him "simply because [of] his sexuality." Specifically, Plaintiff claims that Officer Sosseii made discriminating comments, limited his recreation period on several occasions, refused to give him bread on one occasion, and ignored requests for toilet paper on three occasions. Additionally, on December 31, 2006, as Plaintiff was exiting the recreation room, "Officer Sosseii vigorously slammed the door in Thornton's face! Before the door could completely close, Thornton's fingers were smashed in the door." According to Plaintiff, his "fingers instantly swelled to the size of polish sausages and also began to progressively drip with blood." Officer Sosseii walked away and left Plaintiff waiting for the next shift's arrival to receive assistance. As relief, Plaintiff seeks $585,000 in punitive damages and injunctive relief in the form of "Terminating Sosseii's employment."

Because Plaintiff is a prisoner seeking redress from governmental officials and employees, the Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss "the

complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

Plaintiff sues Officer Sosseii in his official capacity only. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, in the case at bar, Plaintiff's claims as to Officer Sosseii are actually brought against the Louisville Metro Government.

Plaintiff seeks only punitive damages and injunctive relief in this action. He is not entitled to the requested relief for two reasons. First, "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Second, an inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement or transfer to another facility. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir.1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996) (same). Here, Plaintiff requests that Officer Sosseii, the alleged source of his plaints, be terminated. However, Plaintiff is no longer incarcerated at Metro Corrections, where Officer Sosseii is employed. Thus, it is clear that Plaintiff would derive no benefit from granting the requested relief, and his claim for injunctive relief must be dismissed.

As Plaintiff is not entitled to the requested relief, the action will be dismissed. The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
    Jefferson County Attorney
4411.005